# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRETT C. FERREL, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC, a Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant.

2. The Plaintiff was sued by Citibank, N.A. ("Citibank") for a debt Citibank claimed Plaintiff owed.

3. A judgment was entered against Plaintiff.

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

4. The court then vacated the judgment as it was entered in error and dismissed the case with prejudice.

5. Defendant refused to remove a notation of a public record judgment against Plaintiff.

## JURISDICTION

6. Personal jurisdiction exists over Defendant as it had the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

7. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

8. Venue is proper as Plaintiff lives in Alabama and the Defendant does business in this judicial district.

## PARTIES

9. Plaintiff Brett C. Ferrel (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

10. Defendant Equifax Information Services, LLC, ("Defendant" or "Equifax") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Georgia and it is incorporated in Georgia. All members of the LLC are believed to be citizens of Georgia.

## FACTUAL ALLEGATIONS

11. On April 26, 2016, Citibank sued Plaintiff Ferrel in the Small Claims Court of Shelby County, Alabama, with a case number of SM-2016-900437.

12. On May 10, 2016, Plaintiff's counsel filed an Answer, denying the claims in the Complaint.

13. On May 12, 2016, an Order for Consent Judgment was filed against Plaintiff Ferrel.

14. This Order was entered in error by the Court.

15. On May 24, 2016, an Order was entered stating that "the consent judgment entered 5-12-16 in this case on SJIS is **vacated and held for naught**" and "The Clerk of Court is directed to correct the record accordingly."

16. On June 2, 2016, the Court dismissed the case with prejudice.

17. Equifax has reported the May 12, 2016, judgment against Plaintiff even though the judgment was vacated.

3

18. After the judgment was vacated, Plaintiff sent a letter to Defendant Equifax requesting an investigation of the judgment that still appeared on Plaintiff Ferrel's credit report.

19. Plaintiff Ferrel requested the judgment be deleted.

20. Defendant Equifax was not concerned and did not care about what the state court did in the case as Defendant Equifax did not intend to perform a reasonable investigation.

21. Defendant Equifax did not perform any type of reasonable investigation.

22. Defendant failed to properly investigate this dispute as if Defendant had properly investigated, the judgment would have been deleted.

23. On June 8, 2016, Defendant Equifax issued its results of investigation, which shows the judgment as satisfied.

24. Defendant Equifax has continued to report this judgment even though the Judge's order of May 24, 2016, vacated the judgment.

25. Defendant was provided with more than sufficient information in the dispute and in its own sources of information to conduct an investigation and to conclude that the judgment complained of was being reported incorrectly.

26. Defendant Equifax has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

27. Defendant Equifax, however, <u>refused</u> to rely upon what the state court judge actually said - - an Order vacating the consent judgment, and an Order dismissing the case with prejudice.

28. Defendant Equifax refused to read the Order or it read the Order and then chose to ignore it.

29. The Order vacating the judgment means Plaintiff Ferrel does not have the judgment against him.

30. Defendant Equifax maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the dispute and that was already in its files and to conduct a reasonable investigation on Plaintiff Ferrel's dispute, which led as a direct result and consequence to the Defendant either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

31. At all relevant times the Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Ferrel's credit reports, violating 15 U.S.C. § 1681e(b) and state law.

32. Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Ferrel's credit information and Plaintiff Ferrel's credit report, thus violating state law as set

forth in this Complaint. These violations occurred before, during, and after the dispute process began with Defendant Equifax.

33. Defendant Equifax has failed to maintain Plaintiff Ferrel's account with maximum accuracy and Defendant Equifax has failed to properly investigate the account in response to the disputes made by Plaintiff Ferrel.

34. The conduct of the Defendant Equifax has proximately cause Plaintiff Ferrel past and future monetary loss, past and future damage to Plaintiff Ferrel's credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

35. It is a practice of the Defendant to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

36. Defendant Equifax is a sophisticated business and it knows its conduct is wrong.

37. Defendant Equifax has been sued for this exact type of misconduct across the nation and even in the Northern District of Alabama.

38. All actions taken by Defendant Equifax were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Ferrel and/or with the knowledge that its actions would very likely harm Plaintiff Ferrel and/or that its actions were taken in violation of the FCRA and/or state law

and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and/or state law.

39. Defendant Equifax has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendant Equifax is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

40. Defendant is liable to Plaintiff Ferrel through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

41. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant Equifax in the form of past and future economic and monetary loss; past and future anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, mental anguish amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

44. Plaintiff Ferrel notified Defendant Equifax directly of a dispute on the judgment's accuracy as reported.

45. Defendant Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Ferrel's disputes.

46. Plaintiff Ferrel alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Ferrel's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

47. Plaintiff Ferrel alleges that Defendant Equifax failed to conduct a proper and lawful reinvestigation. For example, Defendant Equifax was given notice that the judgment was vacated and the case dismissed with prejudice, but Defendant Equifax apparently failed to review the Order, the court file or

8

contact the court or contact counsel for Citibank. Instead, Equifax chose to mark the judgment as satisfied which it pulled out of thin air as the judgment was vacated, not paid or satisfied. Other examples will become apparent once discovery is commenced.

48. All actions taken by the Defendant Equifax were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Ferrel and/or with the knowledge that its actions would very likely harm Plaintiff Ferrel and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law.

49. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II.

## STATE LAW CLAIMS

50. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

51. Defendant intentionally published false and defamatory information related to the judgment.

52. Plaintiff gave Defendant Equifax written notice to withdraw the false information but Defendant Equifax refused to do so.

53. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. This includes the reporting of the judgment and the handling of any investigations on the judgment.

54. Defendant assumed a duty to accurately report on Plaintiff.

55. Defendant violated all of the duties the Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

56. It was foreseeable, and Defendant Equifax did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

57. Defendant invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

58. The Defendant acted with intentional, reckless, or wanton conduct in reporting this false information.

59. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the dispute to Defendant Equifax.

60. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damages as set forth in this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant Equifax for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
*Attorneys for Plaintiff*

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses:**

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating SVC, Inc.
150 S. Perry Street
Montgomery, Alabama 36104